# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GAIL L. ANTLE,**

                        **Plaintiff,**

**-vs-**                                             **Case No. 6:10-cv-1642-Orl-28KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

                        **Defendant.**

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **RICHARD A. CULBERTSON'S REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE . . . PURSUANT TO 42 U.S.C. § 406(B) (Doc. No. 33)**
>
> **FILED:**    **March 23, 2013**

## I. PROCEDURAL HISTORY.

In March 2007, Plaintiff, Gail L. Antle, applied for disability benefits under the Federal Old Age, Survivors and Disability Insurance Programs (OASDI), 42 U.S.C. § 401 *et seq.* (sometimes referred to herein as the "Act"). She alleged that she became disabled on August 12, 2005. After the Social Security Administration (SSA) denied her application, she appealed that decision to this Court. On January 11, 2012, the Court entered a judgment reversing the decision of the Commissioner of Social Security and remanding this case for further proceedings. Doc. No. 20.

Thereafter, Antle was awarded $4,306.23 in attorney's fees under the Equal Access to Justice Act (EAJA). Doc. Nos. 29, 31, 32.

On February 23, 2013, Antle's attorney, Richard A. Culbertson, Esq., filed the present motion seeking an award of an additional $5,104.25 in attorney's fees under 42 U.S.C. § 406(b). Doc. No. 33. He filed in support of the motion a Notice of Award issued by the SSA on January 12, 2013. Doc. No. 33-1. The document reflects that Antle was awarded $44,417 in past-due benefits. *Id.* at 2. Twenty-five percent of this amount, that is $11,104.25, was withheld to pay Antle's representatives. In response to a request from the Court, Antle's counsel stated that the attorney who represented Antle at the administrative level has not yet been paid any fees from the withheld amount pursuant to 42 U.S.C. § 406(a).[1] However, he noted that the administrative attorney might later be paid fees pursuant to § 406(a). Doc. No. 36. Attorney Culbertson also referred to a previously-filed federal court fee agreement entered into by Antle in which she agreed to pay counsel up to 25% of the past-due benefits awarded. Doc. No. 24-1. Additionally, Attorney Culbertson referred to a previously-filed time sheet reflecting that he worked 23.9 hours on Antle's case. Doc. No. 24 at 12.

The Commissioner does not object to the amount of hours worked or the compensation requested. Doc. No. 34.

---

[1] Attorney Culbertson's initial motion stated that $6,000 in § 406(a) fees had already been paid, but the Commissioner's response stated that no § 406(a) fees had been paid. The Court asked the parties to clarify this discrepancy, and Attorney Culbertson verified that no § 406(a) fees have yet been paid. Doc. No. 36.

**II.     ANALYSIS.**

*A.     Award of Fees Under § 406(b) Generally.*

Counsel for Plaintiff seeks attorney's fees pursuant to § 406(b), which provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such  judgment . . . .

42 U.S.C. § 406(b)(1)(A).  The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court.  *Id.* at (b)(2).  Accordingly, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.

In *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1277 (11th Cir. 2006), the United States Court of Appeals for the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." Because Antle was awarded past-due benefits following remand, the Court may award attorney's fees under § 406(b).

*B.     Timeliness of Petition.*

The first question is whether the present petition is timely.  On January 25, 2012, I entered an order extending the time for Antle's counsel to file a petition for § 406(b) fees until thirty (30) days

-3-

from the date of the letter notifying Antle of the amount of any past due benefits awarded. Doc. No. 22. Subsequent to that Order, Chief Judge Conway issued an order adopting a schedule for filing petitions for § 406(b) fees in this district. Under that order, the deadline for Antle's attorney to file a petition for fees under § 406(b) was thirty (30) days after the date of the Social Security letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past-due benefit calculation stating the amount withheld for attorney's fees. *In re Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)*, Case No. 6:12-mc-124-Orl-22, Doc. No. 1 (M.D. Fla. Nov. 14, 2012).

Attorney Culbertson filed a copy of a Notice of Award addressed to Antle and dated January 12, 2013. Doc. No. 33-1. However, he represented that, as of the date he filed his petition for § 406(b) fees, the Commissioner had not yet sent him a close-out letter and that he had to request a copy of the Notice of Award. Doc. No. 33 at 5. Thus, Attorney Culbertson's petition was untimely under the terms of my order (which required him to file his petition within 30 days after the January 12, 2013 letter to Antle), but timely under the terms of Chief Judge Conway's order.

The Court need not resolve this discrepancy. In *Bergen*, the Eleventh Circuit determined that untimely petitions for § 406(b) fees should be considered absent objection. 454 F.3d at 1277-78. In the instant case, the Commissioner has not objected to the timeliness of Attorney Culbertson's petition. Accordingly, I recommend that the Court treat it as timely filed.

  C.  *Reasonableness of Contingent Fee Awards Under § 406(b).*

The burden is on counsel for the successful claimant to show that the fee sought is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "[T]he court may require the claimant's attorney to submit . . . a record of the hours spent representing the

claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808 (citations omitted). The Supreme Court observed that the contingent fee may be reduced when the fee is not commensurate with "the character of the representation and the results . . . achieved" or when the past-due benefits "are large in comparison to the amount of time counsel spent on the case . . . ." *Id.* (citations omitted).

As mentioned above, however, the total amount of fees awarded under § 406(b) may not exceed 25% of the past-due benefits awarded. In this case, the maximum § 406(b) fee would be $11,104.25. In *Jackson v. Commissioner of Social Security*, 601 F.3d 1268, 1274 (11th Cir. 2010), the Eleventh Circuit held that an attorney who receives fees under both the EAJA and § 406(b) must refund the smaller fee to his client or permit the EAJA fees to be deducted from the fee he can charge the client under § 406(b). In this case, counsel elects to reduce the amount requested by the fees previously paid ($4,306.23), resulting in a total maximum allowable fee of $6,798.02. Attorney Culbertson does not request the entire $6,798.02 allowable fee. Instead, he requests an additional $5,104.25 in fees above and beyond the $4,306.23 in EAJA fees already awarded, for a total of $9,410.48.[2] Doc. No. 33 at 2-3. The requested amount, $9,410.48, constitutes 21.2% of Antle's past due benefits, which is less than the 25% maximum allowed under § 406(b) and less than the amount due under the contingent fee agreement between Attorney Culbertson and Antle.

---

[2] Although Attorney Culbertson couches this as a request to charge his client a § 406(b) fee of $5,104.25 – which amount he contends is only 11.5% of Antle's past due benefits and reasonable – it is apparent that Attorney Culbertson is requesting permission to charge Antle a total of $9,410.48 in § 406(b) fees (consisting of $4,306.23 in EAJA fees already awarded plus an additional $5,104.25 in § 406(b) fees). I treat his request accordingly.

Accordingly, the fee Attorney Culbertson seeks to charge Antle is permitted by § 406(b), if it is reasonable.*³*

The total fee counsel seeks to charge, $9,410.48, divided by the hours worked on the case, 23.9, results in an hourly rate of $393.74 per hour. This hourly rate is well in excess of the hourly rate generally considered reasonable in central Florida for representation in a case of this type. In another case approving a contingent fee for a Social Security claimant's counsel, *McKee v. Commissioner of Social Security*, No. 6:07-cv-1554-Orl-KRS, 2008 WL 4456453, at *2-5 (M.D. Fla. Sept. 30, 2008), the Court set forth a lengthy discussion of the reasonableness of contingent fee awards and the proper standards for their evaluation. Among other things, the Court noted that contingent fee awards should not be converted into hourly rate equivalents under a lodestar approach. Rather, the Court should look to the character of the attorney's representation and the results achieved, among other factors. *Id.* at *5 (quoting *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363 (N.D. Ga. 2005)); *accord Cox v. Astrue*, No. 1-07-cv-236-MP-AK, 2011 WL 2416102, at * 2 (N.D. Fla. June 14, 2011) (finding $24,792.72 reasonable for 24 hours work).

The record in this case reflects that Antle filed her application for disability benefits in 2007. Her application was denied initially and on reconsideration, by an ALJ, and by the Appeals Council. In his memorandum of law filed in this case, Attorney Culbertson asserted four reasons that the Commissioner's decision should be reversed. The Commissioner opposed the request that this Court reverse his decision. After this Court reversed the Commissioner's decision and remanded the case

---

³ On this point, I note that this conclusion is based on the current state of the case – that is, where § 406(a) benefits have not yet been awarded. Although Antle's counsel asserts that § 406(a) has "nothing to do with the issue of reasonable fees for work done before this Court" (Doc. No. 33 at 4), this Court has, in *dicta*, rejected that contention and concluded that, when read together, the relevant statutes limit any payment of fees by a claimant to no more than 25% of past-due benefits. *See Mitcham v. Comm'r of Soc. Sec.*, Doc. No. 33, Case No. 6:09-cv-2100-DAB (M.D. Fla. Aug. 22, 2012), *appeal dismissed for lack of subject matter jurisdiction* by Case No. 12-14671 (11th Cir. March 13, 2013), (citations omitted) (noting that, where EAJA fees awarded and additional § 406(b) fees awarded total 25% of past-due benefits, no further fees are available to be awarded under § 406(a)).


for further proceedings, the Commissioner ultimately awarded Antle benefits in 2013, almost six years after her initial application. Under these circumstances, I find that the total fee counsel proposes to charge Antle ($9,410.48) is reasonable in the absence of objection.[4]

## III. RECOMMENDATION.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** the Request for Authorization to Charge a Reasonable Fee pursuant to 42 U.S.C. § 406(b) (Doc. No. 33) and find that Richard A. Culbertson, Esq., is allowed to charge Plaintiff Gail L. Antle a reasonable fee for federal court representation in the amount of **$9,410.48**, from which $4,306.23 in EAJA fees previously paid must be deducted, resulting in a balance payable and due of **$5,104.25**, to be paid out of Antle's past-due benefits award.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on March 26, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Courtroom Deputy Clerk
Counsel of Record

---

[4] To the extent that any representative of Antle intends to pursue § 406(a) fees in the future, the maximum amount available to be awarded is $1,693.77 (calculated as follows: $11,104.25 in past due benefits - $4,306.23 in EAJA fees - $5,104.25 in § 406(b) fees = $1,693.77).